UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 14-CV-22739-KING

U.S. COMMODITY FUTURES TRADING
COMMISION,

    Plaintiff,
vs.

SOUTHERN TRUST METALS, INC.,
LORELEY OVERSEAS CORPORATION,
and ROBERT ESCOBIO,

    Defendants.
_____/

## ORDER DENYING DEFENDANTS' MOTIONS TO DISMISS

**THIS MATTER** comes before the Court upon Defendant Robert Escobio's ("Escobio") Motion to Dismiss and Incorporated Memorandum of Law (DE #10), and Defendants Southern Trust Metals, Inc.'s ("ST Metals") and Loreley Overseas Corporation's ("Loreley") (collectively, the "Corporate Defendants") Partial Motion to Dismiss and Incorporated Memorandum of Law (DE #15). Therein, Defendants seek the dismissal, pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6), of this enforcement action brought by Plaintiff United States Commodity Futures Trading Commission (the "CFTC") against Defendants for their alleged violations of the Commodity Exchange Act and regulations promulgated thereunder. These Motions are fully briefed.[1] Upon consideration of the Defendants' motions, and with the benefit of oral argument, the Court finds that Defendants' Motions to dismiss should be denied.

---

[1] The CFTC filed its Response in Opposition to Escobio's Motion to Dismiss (DE #13), and to the Corporate Defendants' Partial Motion to Dismiss (DE #19). Defendants filed their Joint Reply in Support of their Motions to Dismiss (DE #23).

1

## I. Background

According to the Complaint, from at least July 16, 2011 through May 1, 2013, Defendant ST Metals, through Defendant Escobio, operated a scheme to defraud retail customers in connection with illegal, off-exchange, financed precious-metals transactions. Briefly stated, the CFTC alleges that ST Metals held itself out as a precious metals trading firm offering financing to purchase physical precious metals, including gold, silver, platinum and palladium. Through telephone solicitation, its website, its marketing materials, and its customer agreements, ST Metals represented that their customers were purchasing, and that ST Metals was selling, physical precious metals though financed or "leveraged" transactions. ST Metals represented that physical metals purchased on a leveraged basis were akin to a home loan secured by a mortgage, and that customers' physical metals "holdings" would be stored in a secure depository. Customers only needed to put down a small percentage of the total value of metal purportedly being purchased, and ST Metals would "loan" to the customer (with interest) the remaining funds necessary to purchase the metals.

In reality, however, ST Metals never possessed any precious metals, never held title to any precious metals, and never delivered any precious metals in connection with its financed metals transactions. Instead, ST Metals engaged in a series of transactions that ended with over-the-counter derivative trades in margin trading accounts in the name of Defendant Loreley with foreign trading firms to cover the exposure of ST Metals to its customers' trading positions. Escobio opened Defendant Loreley's margin trading accounts and was granted authority to act on behalf of Loreley in all critical respects in connection with this scheme. The CFTC alleges that through this scheme Defendants received more than $2.6 Million from at least 135 customers who collectively lost at least $600,000.

In addition to and separate from the precious-metals scheme outlined above, the Complaint alleges that between February of 2011 and May of 2013, Defendants solicited and accepted orders for the purchase or sale of commodities for future delivery and commodity options without registering with the CFTC as a futures commission merchant ("FCM").

The CFTC's Complaint alleges four counts against defendants for violation of the Commodity Exchange Act and Commission Regulations promulgated thereunder: (I) engaging in illegal, off-exchange transactions; (II) making fraudulent omissions, misrepresentations, or false reports and statements in relation to those transactions; (III) employing deceptive devices or contrivances in relation to those transactions; and (IV) failing to register with the CFTC and acting as an unregistered FCM. The CFTC seeks the following relief:

Defendants have moved to dismiss Counts I–III on the basis that a settlement they claim to have reached with the National Futures Association (the "NFA") either estops the CFTC from pursuing this action or renders this action moot, and Count IV on the basis that it fails to state a claim upon which relief can be granted.

## II. Legal Standard

A complaint must contain short and plain statements of the grounds for the court's jurisdiction, of the cause of action, and of the relief sought. Fed. R. Civ. P. 8(a). Under the heightened pleading standards set forth by the Supreme Court in *Ashcroft v. Iqbal*, 556 U.S. 662 (2010) and *Bell Atl. Corp. v. Twombley*, 550 U.S. 544 (2007), there must be "enough facts to state a claim to relief that is plausible on [the] face" of the complaint. *Twombley*, 550 U.S. at 570. A plaintiff must plead sufficient facts to show entitlement to relief and must plead "more than labels and conclusions. . . . A formulaic recitation of the elements of a cause of action will not do." *Id.* "Only a complaint that states a plausible claim for relief survives a motion to dismiss." *Iqbal*, 556 U.S. at 678. "A claim has facial plausibility when the plaintiff pleads

3

factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

In deciding a motion to dismiss, the Court must accept a complaint's well-pled allegations as true. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Such allegations must be construed in the light most favorable to the Plaintiff. *Am. Dental Ass'n v. Cigna Corp.*, 605 F.3d 1283, 1288 (11th Cir. 2010). "In analyzing the sufficiency of the complaint, [the Court] limit[s] [its] consideration to the well-pleaded factual allegations, documents central to or referenced in the complaint, and matters judicially noticed." *La Grasta v. First Union Sec.*, Inc., 358 F.3d 840, 845 (11th Cir. 2004) (emphasis supplied). The Court may also consult documents that are attached to the motion to dismiss under the "incorporation by reference" doctrine. The Eleventh Circuit has defined the incorporation by reference doctrine to mean:

> [A] document attached to a motion to dismiss may be considered by the court without converting the motion into one for summary judgment only if the attached document is: (1) central to the plaintiff's claim; and (2) undisputed. . . . "Undisputed" in this context means that the authenticity of the document is not challenged.

*Horsley v. Feldt*, 304 F.3d 1125, 1134 (11th Cir. 2002) (internal citations omitted); see also *Day v. Taylor*, 400 F.3d 1272, 1276 (11th Cir. 2005).

### III. Discussion

The central argument raised by Defendants' Motions to Dismiss is that the CFTC should be equitably estopped from pursuing the instant enforcement action based upon a settlement Defendants purportedly reached with the NFA and in which the CFTC was involved or at least knew about, or alternatively that the CFCT's claims are somehow moot in light of that settlement. In support of this argument, Defendant Escobio attached to his Complaint 42 pages of exhibits he contends show this purported settlement and its scope, and establish that the CFTC was aware of and condoned the NFA's execution of this settlement prior to bringing the instant

4

action. Defendants urge the Court to consider these exhibits at the motion to dismiss stage in these proceedings, arguing that the CFTC has opened the door to their consideration at this stage by referencing in a single paragraph of the Complaint an investigation conducted by the NFA and various actions the NFA took in connection with that investigation.

The CFTC argues that Defendants' chief argument, equitable estoppel based upon a prior settlement, is inherently a fact-driven affirmative defense and consideration at the motion to dismiss stage is inappropriate. *See Shropshire v. Fred Rappoport Co.*, 294 F. Supp. 2d 1085, 1098 (N.D. Cal. 2003) ("Because [the applicability of equitable estoppel] turn[s] on disputed facts, it is improper for the Court, on a Rule 12(b)(6) motion—the purpose of which is test the sufficiency of the pleadings—to resolve this issue"). The CFTC further argues that the Court should not consider at this stage the 42 pages of documents appended to Defendants' Motions to Dismiss which purportedly show this settlement because they are neither referenced in the CFTC's Complaint, nor central to the CFTC's claims.

The Court concludes that, though it has the discretion to consider extraneous documents at the motion to dismiss stage, it will not do so here. Ruling on Defendants' claim that a prior settlement has resolved the issues or mooted the relief sought by the CFTC, a claim which the CFTC appears to dispute, is inherently fact-intensive, and properly considered on a motion for summary judgement or at trial after opportunity for discovery.

As to Count IV for failing to register with the CFTC and acting as an unregistered FCM, Defendants argue that the CFTC fails to state a cause of action because ST Metals isn't an FCM because it didn't "accept orders" for commodity futures or options transactions or "accept money" for the trades. Such acceptance is required to qualify as an FCM. *See* 7 U.S.C. § 1a(28). Defendants ask the Court to disregard the allegation in the CFTC's Complaint that ST Metals was "accepting orders" (¶53) as merely a conclusory allegation. Defendants urge the Court to

5

conclude, therefore, that ST Metals was in fact not accepting orders. Defendants' position does not appear to be that there is any failure in the CFTC's pleading, but rather that the facts don't support that pleading.

At the motion to dismiss stage, of course, the Court must accept the well-pled allegations of the Complaint as true. The Court finds that Count IV does adequately state a claim for failing to register with the CFTC and acting as an unregistered FCM. Defendant's arguments amount to a denial of those allegations, and are properly raised in an answer, not in a motion to dismiss.

### IV. Conclusion

Therefore, it is **ORDERED, ADJUDGED,** and **DECREED** as follows:

1. Defendant Robert Escobio's Motion to Dismiss and Incorporated Memorandum of Law **(DE #10)**, and Defendants Southern Trust Metals, Inc.'s and Loreley Overseas Corporation's Partial Motion to Dismiss and Incorporated Memorandum of Law **(DE #15)** are hereby **DENIED**.

2. Defendants are hereby ordered to file their Answer to Plaintiff's Complaint within **30 days** of the date of this Order, or by **May 22, 2015**.

**DONE AND ORDERED** in Chambers at the James Lawrence King Federal Justice Building and United States Courthouse, Miami, Florida, this 22nd day of April, 2015.

*James Lawrence King*
JAMES LAWRENCE KING
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF FLORIDA

cc:
**All Counsel of Record**