UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

|  |  |  |
|---|---|---|
| U.S. COMMODITY FUTURES TRADING COMMISSION, | ) ) ) ) | CASE NO. 1:14-cv-22739-JLK |
| Plaintiff, | ) ) |  |
| v. | ) ) |  |
| SOUTHERN TRUST METALS, INC., LORELEY OVERSEAS CORPORATION, and ROBERT ESCOBIO, | ) ) ) ) |  |
| Defendants. | ) ) |  |

**DEFENDANTS' MOTION FOR SANCTIONS AND
RESPONSE TO PURPORTED 'NOTICE OF PENDING MOTION,' D.E. 103**

Defendants Southern Trust Metals, Inc. ('ST Metals"), Loreley Overseas Corporation ("Loreley"), and Robert Escobio respectfully request that the Court exercise its inherent authority to sanction the CFTC for its highly misleading "Notice of Pending Motion," D.E. 103.

At the January 7, 2016 pre-trial conference, the Court orally, and in no uncertain terms, <u>denied</u> the supposed "pending motion" that is the subject of the Notice—a motion to compel Loreley's deposition—because, among other reasons the Court emphasized, discovery closed months ago. Despite the Court's unambiguous ruling, the CFTC has filed a Notice blatantly ignoring the Court's oral ruling on the record and inviting an inconsistent (and, the CFTC hopes, favorable) ruling from Magistrate Torres, as if the pre-trial conference never happened. The Notice represents a stunning lack of candor by the CFTC. Respectfully, Defendants request that the Court confirm its oral denial of the motion in the Order attached hereto and sanction the CFTC appropriately.

1

**A. The Court's on the record denial of the motion.**

Last Thursday, at the January 7, 2016 final pre-trial conference, this Court took up the subject of pending motions. At the end of a nearly two hour conference, the CFTC raised with the Court its motion to compel the Rule 30(b)(6) deposition of Loreley in Miami (D.E. 52). The Court stated discovery was closed and the motion was denied. Not satisfied with this ruling, the CFTC continued to argue the issue. The motion was previously referred to Magistrate Judge Torres, the CFTC said, but no ruling followed. The Court repeated that discovery was <u>closed</u>, the motion was <u>denied</u>, and that the CFTC was going to have to "live with it." As the conference ended, the CFTC apologized to the Court for pushing the issue.

Now, bafflingly, the CFTC has filed a Notice purporting to claim that the motion to compel Loreley's Rule 30(b)(6) deposition remains pending. The Notice fails to mention either the Court's oral ruling or the detailed exchange the CFTC had with the Court about the motion and its outcome. The CFTC's obviously wants to continue to argue its motion and is trying to create confusion about the motion's status. But the Court's oral denial of the motion is clear on the record. It is not, as of yet, reflected on the docket, however. Magistrate Judge Torres may not know the Court has already denied the motion. The Notice creates the misimpression that the motion somehow escaped the Court's attention and openly invites a different ruling. Such stunning lack of candor is sanctionable.

**B. Sanctions are appropriate.**

The Eleventh Circuit has held that "[a]ll attorneys, as 'officers of the court,' owe duties of complete candor and primary loyalty to the court before which they practice. An attorney's duty to a client can never outweigh his or her responsibility to see that our system of justice functions smoothly." *Malautea v. Suzuki Motor Co.,* 987 F.2d 1536, 1546 (11th Cir.1993)

(emphasis added). This duty is also incorporated in Rule 11. *See, e.g., Bautista v. Star Cruises*, 696 F. Supp. 2d 1274, 1278 (S.D. Fla. 2010) (explaining that "Rule 11 'emphasizes the duty of candor by subjecting litigants to potential sanctions for insisting upon a position after it is no longer tenable'") (quoting Fed. R. Civ. P. 11, Advisory Committee Notes, 1993 Amendments).

Here, the CFTC seeks to salvage its motion by trying to mislead the Court into an inconsistent ruling. In the S.D. Fla. R. 7.1 conference Defendants had with the CFTC before filing this motion, the CFTC claimed the Court must have been confused at the conference about whether the motion had been ruled on. There was no confusion—the CFTC described its motion (which the Court cross-referenced by docket number), explained its position, argued why it thought it should take discovery after the deadline, and the Court forcefully denied the motion. Confusion is what the CFTC is intentionally trying to create with its Notice to get out of the Court's oral ruling.

WHEREFORE, Defendants respectfully request that the Court enter the attached proposed written Order denying the motion to compel (D.E. 52) and exercise its inherent authority sanctioning the CFTC for its misleading Notice. Specifically, Defendants request that the Court strike the CFTC's Notice and award Defendants their reasonable costs and attorneys' fees in having to respond to the Notice, including any transcript costs necessary to proving the Court's oral ruling.

### Certificate of Good Faith Conference

Undersigned counsel has conferred with all parties or non-parties who may be affected by the relief sought in this motion in a good faith attempt to resolve the issues created by the CFTC's filing of the Notice, and were unable to do so.

Respectfully submitted:

**HOMER BONNER JACOBS**

Attorneys for Defendant Robert Escobio
1200 Four Seasons Tower
1441 Brickell Avenue
Miami Florida 33131
Phone: (305) 350-5192
Fax: (305) 982-0069

By: __/s Peter Homer_____
    Peter W. Homer
    Florida Bar No.: 291250
    Email: phomer@homerbonner.com
    Christopher J. King
    Email: cking@homerbonner.com
    Florida Bar No.: 0123919

Gary M. Sinclair
 Attorney for the Corporate Defendants
 2043 N. Mohawk Street
 Chicago, IL 60614
 Telephone: (773) 871-4389
 Email: gary@garyslaw.com

Jose Ortiz
 Herron Ortiz
 Local Counsel for the Corporate Defendants
 255 Alhambra Circle, Suite 1060
 Coral Gables, Florida 33134
 Tel.: (305) 779-8100
 Fax: (305) 779-8104

By: __/s/ Gary Sinclair_____

## **CERTIFICATE OF SERVICE**

   **I hereby certify** that a true and correct copy of the foregoing was served by CM/ECF on January 13, 2016 on all counsel or parties of record on the Service List below.

Carlin R. Metzger
Rosemary Hollinger
Joseph A. Konizeski
Ashley J. Burden
U.S. Commodity futures Trading Commission
525 West Monroe Street
Suite 1100
Chicago, IL 60661
Tel.: 312-596-0700
Fax: 312-596-0714
cmetzger@cftc.gov
rhollinger@cftc.gov
jkonizeski@cftc.gov
aburden@cftc.gov

             __/s Christopher King_____