UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Case No. 1:14-cv-22739-JLK
KING/TORRES

U.S. COMMODITY FUTURES TRADING )
COMMISSION, )
              Plaintiff, )
              v. )
SOUTHERN TRUST METALS, INC., )
LORELEY OVERSEAS CORPORATION, )
and ROBERT ESCOBIO, )
              Defendants. )

## PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION FOR SANCTIONS

Plaintiff U.S. Commodity Futures Trading Commission's ("CFTC") Notice of Pending Motion (D.E. 103, "Notice") seeks to highlight for the Court what appears to be a docketing misunderstanding relating to the CFTC's motion to compel the deposition of Defendant Loreley Overseas Corp. ("Loreley"). The Notice simply states that:

(1) Plaintiff has not taken the deposition of a party to this action, Defendant Loreley;

(2) Plaintiff timely filed a motion to compel the deposition of Loreley well in advance of the close of discovery (D.E. 52, 58);

(3) There had been no ruling on the motion to compel the deposition of Loreley;

(4) At the January 7, 2016, pretrial conference the Court expressed the understanding that the motion to compel the deposition had been denied, even though the parties listed the motion as being undecided in the pretrial stipulation;

(5) The source of the confusion appears to be a docketing error at D.E. 86 that caused the Court to believe the motion had been ruled upon when in fact it had not been. (This is due to the order being linked to the wrong motion.)

Defendants do not dispute any of these facts. Defendants admit that Loreley has never been deposed. Defendants admit that the motion to compel was filed timely and the briefing was

completed well in advance of the discovery cut-off.  Defendants further admit that the motion was pending at the time of the pretrial hearing on January 7, 2016.

Nonetheless, Defendants attempt to capitalize upon the confusion in the record. Defendants ask the Court to affirm that Judge King "orally denied" the CFTC's motion to compel the deposition of Loreley at the pretrial hearing.[1]  However, the docket entry for the pretrial hearing does not reflect any such a ruling.  Going further, Defendants argue that the CFTC's Notice is "misleading" and that the CFTC should be sanctioned for filing the Notice.  (D.E. 104.)  Defendants' arguments are without merit.  The CFTC's Notice is entirely consistent with the CFTC's duties to the Court and to the victims of Defendants' fraudulent scheme.

At the pretrial hearing on January 7, 2016, Judge King expressed his understanding that the CFTC's motion to compel the deposition of Loreley had been ruled upon and denied.  This was contrary to the understanding of both parties, as the CFTC and Defendants listed the motion as being undecided in the pretrial stipulation.  (D.E. 100.)

The source of this discrepancy, the CFTC later learned, appears to be a docketing error. During the discovery phase of this litigation, the CFTC filed two motions to compel.  One motion sought access to a limited number of attorney-client communications, arguing waiver. (D.E. 36.)  The other motion to compel was to take the deposition of Loreley, a named party in this action in Miami, rather than Panama.  (D.E. 52.)  (Even though Loreley's principal place of business is in Miami at the same office used by Defendants Escobio and Southern Trust Metals, Defendants claimed that the CFTC must travel to Panama to depose Loreley's designated corporate representatives.)  Both motions were referred to Magistrate Judge Torres.  (D.E. 37, 53.)

In an order dated October 5, 2015, Magistrate Judge Torres denied the CFTC's motion to compel the production of attorney-client communications finding that defendants did not waive the privilege by asserting an equitable estoppel defense.  (D.E. 54.)  The order did not rule upon, or even mention, the motion to compel the Loreley deposition.  On the docket, the order was correctly linked to D.E. 36, the attorney-client communications motion to compel.

---

[1] At present, the CFTC does not have access to a transcript of the pretrial hearing.  However, Plaintiff notes that the minute entry from the hearing makes no mention of a ruling from the Court on the motion to compel Loreley's deposition.  *See* D.E. 102.

The CFTC subsequently filed an objection to Magistrate Judge Torres's order. (D.E. 59.) The Court overruled the CFTC's objection in an order dated December 4, 2015. (D.E. 86.) In the Court's order, however, all references were to D.E. 52, the motion to compel the Loreley deposition, and not to D.E. 36, the attorney-client communications motion that was the subject of Magistrate Torres's order and the CFTC's objection. (The Court also cited two documents in a footnote, including D.E. 72, a list of attorney-client communications). Citation to the second motion to compel could only been a docketing error, since Magistrate Judge Torres never ruled upon, and the CFTC never filed objections with respect to, the motion to compel the Loreley deposition.

The CFTC's Notice bringing this matter to the Court's attention is intended to clarify the record and is entirely consistent with the CFTC's duty to ensure that justice—including justice for the victims of Defendants' scheme—is administered smoothly and fairly. Defendants' suggestion that the CFTC should be sanctioned for this is without merit. This is especially true since Defendants claim no prejudice resulting from the CFTC's Notice of pending motion, and themselves understood the Loreley motion to have been undecided. (D.E. 100.) Defendants complain that discover in this case is closed. But the fact that the CFTC was unable to take a Rule 30(b)(6) deposition of Defendant Loreley's representatives was not due to the CFTC's failure to timely notice the deposition or a failure to timely seek the Court's assistance when the Defendants refused to produce a representative. Indeed, the CFTC's notice and motion were timely. Because Defendants refused to produce a 30(b)(6) representative for Loreley (unless the CFTC travelled to Panama), the CFTC was denied the opportunity to depose one of the named parties in this case.

Moreover, despite filing a request for sanctions on the ground that the Notice is misleading by asserting that the motion to compel the deposition of Loreley has not been ruled upon, Defendants are unable to identify even a docket entry which denies the motion to compel the deposition of Loreley. None exists. Defendants' opposition to Plaintiff's Notice is without merit. Defendants' motion for sanctions should therefore be denied.

Dated: January 27, 2016						Respectfully submitted,

Attorneys for Plaintiff
U.S. COMMODITY FUTURES TRADING COMMISSION

/s/ Ashley J. Burden
_____
Ashley J. Burden (aburden@cftc.gov)
Special Bar ID # A5502060
Senior Trial Attorney
525 West Monroe Street, Suite 1100
Chicago, Illinois 60661
Telephone: (312) 596-0693
Fax: (312) 596-0714

Joseph Konizeski (jkonizeski@cftc.gov)
Special Bar ID # A5501602
Chief Trial Attorney

Carlin Metzger (cmetzger@cftc.gov)
Special Bar ID # A5501599
Senior Trial Attorney

## **CERTIFICATE OF SERVICE**

      I hereby certify that on the 27th day of January 2016, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF, which will simultaneously transmit an electronic copy of the foregoing to the following counsel:

Homer Bonner Jacobs
Peter W. Homer (phomer@homerbonner.com)
Christopher J. King (cking@homerbonner.com)
1200 Four Seasons Tower
1441 Brickell Avenue
Miami, FL 33131
Phone: (305) 350-5192
Fax: (305) 982-0069

*Counsel for Defendant Robert Escobio*

Herron Ortiz
Jose Ortiz (jortiz@herronortiz.com)
255 Alhambra Circle, Suite 1060
Coral Gables, FL 33134
Phone: (305) 779-8100
Fax: (305) 779-8104

*Counsel for Defendants Loreley Overseas Corp and Southern Trust Metals, Inc.*

      I also emailed a copy of the foregoing document to counsel for Defendants Loreley Overseas Corp and Southern Trust Metals, Inc., pursuant to an agreement of counsel to accept service via email:

Gary Sinclair (gary@garyslaw.com)
2043 North Mohawk Street
Chicago, IL 60614
Phone: (773) 871-4389

      /s/   Ashley J. Burden
Ashley J. Burden (aburden@cftc.gov)
Special Bar ID # A5502060
U.S. Commodity Futures Trading Commission
Senior Trial Attorney
525 West Monroe Street, Suite 1100
Chicago, Illinois 60661
Telephone: (312) 596-0693
Fax: (312) 596-0714