UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

|  |  |
|---|---|
| U.S. COMMODITY FUTURES TRADING COMMISSION, <br><br> Plaintiff, <br><br> v. <br><br> SOUTHERN TRUST METALS, INC., LORELEY OVERSEAS CORPORATION, and ROBERT ESCOBIO, <br><br> Defendants. | CASE NO. 1:14-cv-22739-JLK |

**DEFENDANTS' REPLY IN FURTHER SUPPORT OF MOTION FOR
SANCTIONS RELATING TO PURPORTED 'NOTICE OF PENDING MOTION'**

Defendants Southern Trust Metals, Inc. ('ST Metals"), Loreley Overseas Corporation ("Loreley"), and Robert Escobio reply in further support of their motion to sanction the CFTC for filing a highly misleading and inaccurate "Notice of Pending Motion," D.E. 103.

The CFTC acts as if it were not present at the January 7, 2016 pre-trial conference and is receiving second-hand news of the Court's denial from the bench of the motion to compel Loreley's deposition. It insists the Court must have been confused, and has remained confused, despite having recounted the history of its purportedly "unruled-on" discovery motion to the Court and having received the Court's resounding answer. There was no confusion—not by the Court, and not by the CFTC. The CFTC represented that Magistrate Judge Torres, to whom the motion had originally been referred, neglected to rule. The Court responded that discovery was closed and the motion was denied. When the CFTC pressed the point, the Court told the CFTC again it was denied, discovery was closed, and to "live with it."

1

Incredibly, the CFTC now doubts this exchange, and the Court's ultimate oral ruling, ever happened. The only mention of it in the CFTC's response is a cryptic statement that Defendants have supposedly asked "the Court to affirm that Judge King 'orally denied' the CFTC's motion…." Defendants are not asking this Court to affirm its own ruling; Defendants submitted a proposed order *consistent with* the oral ruling. The CFTC demands record proof. Unless Defendants can produce a docket entry expressly stating the motion is denied, the CFTC argues, the motion is still pending. The oral ruling either must be a figment of our imagination or, worse, it is meaningless. So, the CFTC reasons, it cannot be sanctioned for filing a notice that fails to mention the Court's oral ruling at all because, in the CFTC's world that ignores the mandated ethical duty of candor to the Court, the ruling does not exist.[1]

This is all extremely strange and disrespectful to the Court. But it is consistent with the CFTC's brazen actions from the beginning of this case. The CFTC played a central role in coercing Defendant Robert Escobio into a painful settlement with its regulatory agent, the NFA, then brought this enforcement action to destroy the one piece of consideration Mr. Escobio received from the deal, the promised closure of <u>all</u> pending investigations. The lack of respect the CFTC showed Mr. Escobio's settlement agreement is not materially different from the lack of respect the CFTC is now showing this Court. The settlement supposedly does not matter and,

---

[1] This propensity to disregard Court Orders has continued. The Court's minute Order after the pre-trial conference stated, "[the] Court heard oral argument on [68] <u>Plaintiff's motion</u> for summary judgment. Taken under advisement. <u>Parties shall submit proposed orders within 20 days</u>. Pretrial conference continued to be reset by further order of the Court." (Emphasis added). The reason the pretrial conference was continued was to specifically hear oral argument on Defendants' separate pending motion for summary judgment [Dkt. 66], which the Court acknowledged was <u>not</u> argued at the January 7 conference. In submitting its proposed order, however, the CFTC included a proposed section denying Defendants' summary judgment motion as well, apparently seeking to avoid oral argument. The record is abundantly clear it was only Plaintiffs' motion the Court heard argument on and, therefore, limited its request for proposed orders to that.

according to the CFTC's response, neither does this Court's oral ruling. Indeed, it appears the CFTC does not feel bound by any authority. Its response boasts of the CFTC's lofty role in ensuring "that justice . . . is administered smoothly and fair"—apparently superseding the Court's role in that department.

The CFTC starts out listing a number of contentions it claims Defendants "do not dispute," including that there supposedly "had been no ruling on the motion to compel." Defendants' point is that there had been such a ruling. The CFTC's notice cannot be forgiven for neglecting to mention the Court's oral rulings at the pre-trial conference. This was no mistake; it was intentional. And the CFTC's purported doubt that the "ruling" ever happened is just plain disingenuous.

For these reasons and the reasons stated in the motion for sanctions, Defendants respectfully request that the Court exercise its inherent authority and sanction the CFTC. It is time that the CFTC and its staff attorneys learn they cannot play fast and loose with the Court's oral rulings.

.

Respectfully submitted:

**HOMER BONNER JACOBS**

*Attorneys for Defendant Robert Escobio*
1200 Four Seasons Tower
1441 Brickell Avenue
Miami, Florida 33131
Phone: (305) 350-5192
Fax:    (305) 982-0069

By:   /s/ Peter W. Homer
    Peter W. Homer
    Florida Bar No.:    291250
    Email: phomer@homerbonner.com
    Christopher J. King
    Email: cking@homerbonner.com
    Florida Bar No.:    0123919

Gary M. Sinclair
*Attorney for the Corporate Defendants*
2043 N. Mohawk Street
Chicago, IL 60614
Telephone:    (773) 871-4389

By:   /s/ Gary M. Sinclair
    Gary M. Sinclair
    Email: gary@garyslaw.com

Jose A. Ortiz
Herron Ortiz
*Local Counsel for the Corporate Defendants*
255 Alhambra Circle, Suite 1060
Coral Gables, Florida 33134
Tel.:   (305) 779-8100
Fax:    (305) 779-8104

By:   /s/ Jose A. Ortiz
    Jose A. Ortiz
    Florida Bar No.:    182321
    Email: jortiz@herronortiz.com

## **CERTIFICATE OF SERVICE**

**I hereby certify** that a true and correct copy of the foregoing was served by CM/ECF on February 3, 2016 on all counsel or parties of record on the Service List below.

Carlin R. Metzger
Rosemary Hollinger
Joseph A. Konizeski
Ashley J. Burden
U.S. Commodity futures Trading Commission
525 West Monroe Street
Suite 1100
Chicago, IL 60661
Tel.:    312-596-0700
Fax:    312-596-0714
cmetzger@cftc.gov
rhollinger@cftc.gov
jkonizeski@cftc.gov
aburden@cftc.gov

    /s/ Christopher J. King_____