IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

CASE NO. 1:14-CV-22739-KING

U.S. COMMODITY FUTURES TRADING )
COMMISSION, )
                        Plaintiff, )

v. )

SOUTHERN TRUST METALS, INC., )
LORELEY OVERSEAS CORPORATION, )
and ROBERT ESCOBIO, )
                        Defendants. )

**FINAL JUDGMENT**

Final judgment is hereby **ENTERED** in favor of Plaintiff United States Commodity Futures Trading Commission ("CFTC") and against Defendants Southern Trust Metals, Inc., Loreley Overseas Corporation, and Robert Escobio (collectively "Defendants") on Counts 2 and 3 of the Complaint. Judgment as to liability against these Defendants on Counts 1 and 4 of the Complaint was previously entered by this Court on April 7, 2016. *See* DE 122.

It is hereby **ORDERED AND ADJUDGED** as follows:

### I.      PERMANENT INJUNCTION

Based on and in connection with this Court's Findings of Fact and Conclusions of Law (DE 166), the Court's April 7, 2016 Order Granting Summary Judgment to Plaintiff on Counts 1 and 4 of the Complaint (DE 122), and pursuant to Section 6c of the Commodity Exchange Act,

1

as amended, 7 U.S.C. § 13a-1, Defendants are permanently enjoined and prohibited from directly or indirectly:

  a. trading on or subject to the rules of any registered entity, as that term is defined in Section 1a of the Act, 7 U.S.C. § 1a;

  b. controlling or directing the trading for or on behalf of any other person or entity, whether by power of attorney or otherwise, in any account involving commodity interests;

  c. soliciting, receiving, or accepting any funds from any person for the purpose of purchasing or selling any commodity interests;

  d. applying for registration or claiming exemption from registration with the Commission in any capacity, and engaging in any activity requiring such registration or exemption from registration with the Commission, except as provided for in Regulation 4.14(a)(9), 17 C.F.R. § 4.14(a)(9); and

  e. acting as a principal (as that term is defined in Regulation 3.1(a), 17 C.F.R. § 3.1(a), agent or any other officer or employee of any person (as that term is defined in Section 1a of the Act, 7 U.S.C. § 1a), or entity registered, exempted from registration or required to be registered with the Commission, except as provided for in Regulation 4.14(a)(9), 17 C.F.R. § 4.14(a)(9).

## II.   RESTITUTION AND CIVIL MONETARY PENALTY

### A. Restitution

1. Defendants shall pay restitution in the total amount of $1,543,892 in connection with the leveraged precious metals transactions that are the subject of Counts 1, 2 and 3 of the CFTC's Complaint. Defendants are jointly and severally liable for restitution to any person who

engaged in and lost money in connection with leveraged precious metals transactions with Southern Trust Metals, Inc. between July 16, 2011 and April 31, 2013, in the amount of that person's loss.

2.  Defendants Southern Trust Metals, Inc. and Robert Escobio shall pay restitution in the amount of $559,725 in connection with the futures and options transactions that are the subject of Count 4 of the CFTC's Complaint. Defendants Southern Trust Metals, Inc. and Robert Escobio are jointly and severally liable for restitution to any person who engaged in and lost money in connection with futures and options transactions conducted through Southern Trust Metals, Inc. The restitution amounts described in this Section are referred to in the remainder of this Order as the "Restitution Obligation."

3.  Defendants shall pay the Restitution Obligation, plus post-judgment interest, within ten (10) days of the date of the entry of this Order. If the Restitution Obligation is not paid in full within ten (10) days of the date of entry of this Order, then post-judgment interest shall accrue on the Restitution Obligation beginning on the date of entry of this Order and shall be determined by using the Treasury Bill rate prevailing on the date of entry of this Order pursuant to 28 U.S.C. § 1961 (2006).

4.  To effect payment of the Restitution Obligation and the distribution of any restitution payments to Defendants' customers, the Court appoints the National Futures Association ("NFA") as Monitor ("Monitor"). The Monitor shall collect restitution payments from Defendants and make distributions as set forth below. Because the Monitor is acting as an officer of this Court in performing these services, the NFA shall not be liable for any action or inaction arising from NFA's appointment as Monitor, other than actions involving fraud.

5. Defendants shall make Restitution Obligation payments under this Order to the Monitor in the name "Southern Trust Metals Restitution Fund" and shall send such Restitution Obligation payments by electronic funds transfer, or by U.S. postal money order, certified check, bank cashier's, or bank money order, to the Monitor at the Office of Administration, National Futures Association, 300 South Riverside Plaza, Suite 1800, Chicago, Illinois 60606 under cover letter that identifies the paying Defendants and the name and docket number of this proceeding. The paying Defendants shall simultaneously transmit copies of the cover letter and the form of payment to the Chief Financial Officer, Commodity Futures Trading Commission, Three Lafayette Centre, 1155 21st Street, NW, Washington, D.C. 20581.

6. The Monitor shall oversee the Restitution Obligation and shall have the discretion to determine the manner of distribution of such funds in an equitable fashion to the Defendants' customers identified by the Commission or may defer distribution until such time as the Monitor deems appropriate. In the event that the amount of Restitution Obligation payments to the Monitor are of a *de minimis* nature such that the Monitor determines that the administrative cost of making a distribution to eligible customers is impractical, the Monitor may, in its discretion, treat such restitution payments as civil monetary penalty payments, which the Monitor shall forward to the Commission following the instructions for civil monetary penalty payments set forth in Part B. below.

7. Defendants shall cooperate with the Monitor as appropriate to provide such information as the Monitor deems necessary and appropriate to identify the customers to whom the Monitor, in its sole discretion, may determine to include in any plan for distribution of any Restitution Obligation payments. Defendants shall execute any documents necessary to release

funds that they have in any repository, bank, investment or other financial institution, wherever located, in order to make partial or total payment toward the Restitution Obligation.

8. Until discharged by the Court, the Monitor shall provide the Commission at the beginning of each calendar year with a report detailing the disbursement of funds to Defendants' customers during the previous year. The Monitor shall transmit this report under a cover letter that identifies the name and docket number of this proceeding to the Chief Financial Officer, Commodity Futures Trading Commission, Three Lafayette Centre, 1155 21st Street, NW, Washington, D.C. 20581.

9. The amounts payable to each customer shall not limit the ability of any customer to prove that a greater amount is owed by Defendants or any other person or entity, and nothing herein shall be construed in any way to limit or abridge the rights of any customer that exist under state or common law.

10. Pursuant to Rule 71 of the Federal Rules of Civil Procedure, each customer of Defendants who suffered a loss is explicitly made an intended third-party beneficiary of this Order and may seek to enforce obedience of this Order to obtain satisfaction of any portion of the restitution that has not been paid by Defendants to ensure continued compliance with any provision of this Order and to hold Defendants in contempt for any violations of any provision of this Order.

11. To the extent that any funds accrue to the U.S. Treasury for satisfaction of Defendants' Restitution Obligation, such funds shall be transferred to the Monitor for disbursement in accordance with the procedures set forth above.

**B.  Civil Monetary Penalty**

1. Defendants Southern Trust Metals, Inc., Loreley Overseas Corporation, and Robert Escobio are jointly and severally liable for and shall pay a civil monetary penalty of

$254,919.66 (one-third of the total monetary gain to Defendants of $764,759) in connection with their violations of the Commodity Exchange Act described in Counts 1, 2 and 3 of the Complaint, and as further described in this Court's Order of Summary Judgment, and this Court's Findings of Fact and Conclusions of Law.

2. Defendants Southern Trust Metals, Inc. and Robert Escobio are jointly and severally liable for and shall pay a civil monetary penalty of $120,112.33 (one-third of the total monetary gain to Defendants of $360,337) Defendant Southern Trust Metals, Inc. charged its' futures customers) in connection with the violations of the Commodity Exchange Act described in Count 4 of the Complaint and as further described in this Court's Order of Summary Judgment, and this Court's Findings of Fact and Conclusions of Law. The civil monetary penalty obligations described in this section B. are referred to in this Order as the "CMP Obligation."

3. Defendants shall pay their CMP Obligation, plus post-judgment interest, within ten (10) days of the date of the entry of this Order. If the CMP Obligation is not paid in full within ten (10) days of the date of entry of this Order, then post-judgment interest shall accrue on the CMP Obligation beginning on the date of entry of this Order and shall be determined by using the Treasury Bill rate prevailing on the date of entry of this Order pursuant to 28 U.S.C. § 1961 (2006).

4. Defendants shall pay their CMP Obligation by electronic funds transfer, U.S. postal money order, certified check, bank cashier's check, or bank money order. If payment is to be made other than by electronic funds transfer, then the payment shall be made payable to the Commodity Futures Trading Commission and sent to the address below:

>Commodity Futures Trading Commission
>Division of Enforcement
>ATTN: Accounts Receivables – AMZ 340
>E-mail Box: 9-AMC-AMZ-AR-CFTC
>DOT/FAA/MMAC
>6500 S. MacArthur Blvd.
>Oklahoma City, OK 73169
>Telephone: (405) 954-5644

If payment by electronic funds transfer is chosen, the paying Defendant shall contact Nikki Gibson or her successor at the address above to receive payment instructions and shall fully comply with those instructions. Defendants shall accompany payment of the CMP Obligation with a cover letter that identifies Defendants and the name and docket number of this proceeding. Defendants shall simultaneously transmit copies of the cover letter and the form of payment to the Chief Financial Officer, Commodity Futures Trading Commission, Three Lafayette Centre, 1155 21st Street, NW, Washington, D.C. 20581.

5. <u>Partial Satisfaction</u>: Any acceptance by the Commission or the Monitor of any partial payment of Defendants' Restitution Obligation or CMP Obligation shall not be deemed a waiver of Defendants' obligations to make further payments pursuant to this Order, or a waiver of the Commission's right to seek to compel payment of any remaining balance.

### III.   MISCELLANEOUS PROVISIONS

1. <u>Notice</u>: All notices required to be given by any provision in this Order shall be sent email and by certified mail, return receipt requested, as follows:

Notice to Commission:

>Rosemary Hollinger (RHollinger@cftc.gov)
>Deputy Director
>U.S. Commodity Futures Trading Commission
>525 W. Monroe, Suite 1100
>Chicago, Illinois 60661

Notice to Defendant Robert Escobio:

>Peter Homer (PHomer@homerbonner.com)
>Homer Bonner
>1200 Four Seasons Tower
>1441 Brickell Avenue
>Miami, FL 33131

Notice to Defendants Southern Trust Metals, Inc. and Loreley Overseas Corp.:

>Jose Ortiz (jortiz@herronortiz.com)
>Heron Ortiz
>255 Alhambra Circle, Suite 1060
>Coral Gables, FL 33134

Notice to the Monitor:

>Daniel Driscoll
>Executive Vice President, COO
>National Futures Association
>300 South Riverside Plaza, Suite 1800
>Chicago, Illinois 60606-3447

All such notices to the Commission shall reference the name and docket number of this action.

2.  <u>Continuing Jurisdiction of this Court</u>:  This Court shall retain jurisdiction of this action to ensure compliance with this Order and for all other purposes related to this action.

### IV.   CONCLUSION

There being no just reason for delay, the Clerk of the Court is hereby directed to enter this Order of Permanent Injunction, Civil Monetary Penalty, and Other Equitable Relief against Defendants as set forth in this Order.

**DONE AND ORDERED** in chambers at the James Lawrence King Federal Justice Building and United States Courthouse in Miami, Florida, this 29th day of August 2016.

*/s/ James Lawrence King*
James Lawrence King
United States District Court Judge

cc: All counsel of record