# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA
# MIAMI DIVISION

CASE NO. 14-22739-CIV-KING

U.S. COMMODITY FUTURES TRADING
COMMISSION,

 Plaintiff,

vs.

SOUTHERN TRUST METALS, INC.,
LORELEY OVERSEAS CORPORATION,
and ROBERT ESCOBIO,

 Defendants.
_____/

## ORDER ADOPTING MAGISTRATE JUDGE'S
## REPORTS AND RECOMMENDATIONS

**THIS CAUSE** comes before the Court Plaintiff United States Commodity Futures Trading Commission's (the "CFTC") Motion for Order to Show Cause Why Defendant Escobio Should Not Be Held in Contempt of Court (DE #195), filed March 31, 2017, as well as United States Magistrate Judge Edwin G. Torres' Report and Recommendation (DE #211) and Supplemental Report and Recommendation (DE #223) recommending that the CFTC's Motion be granted in part, and denied in part. The Court has additionally considered the voluminous filings of the parties, consisting of the responses and replies to the CFTC's Motion, and the objections to the Reports and Recommendations, responses and replies thereto, as well as the supplemental authority filed during the pendency of these matters.[1] Upon conducting a *de novo*

---

[1] *See* DE 200, 204, 206, 207, 213, 214, 215, 218, 222, 224, 225, and 226.

1

review of the record, the Court concludes that Magistrate Judge Torres' R&Rs accurately state the law and facts of the case.

On August 29, 2016 the Court entered Final Judgment against Defendant Robert Escobio ("Escobio"), ordering him to pay within ten days $2,103,617.00 in restitution and a $357,032.00 civil monetary penalty. To date, Escobio has only made a single payment of $500.00 towards his restitution obligation, and has made no payment toward his civil monetary penalty. On March 21, 2017 the CFTC moved for an Order to Show Cause why Escobio should not be held in contempt for failing to pay as required by the Court's Final Judgment. Escobio responded, arguing that the CFTC's Motion lacked legal basis because, in his view, both the restitution award and the civil penalty are "money judgments" and the exclusive means available to the CFTC for collecting on the judgment is the Federal Debt Collection Procedures Act (the "FDCPA"). Accordingly, Escobio argues that the Court is powerless to hold him in contempt for failing to pay the judgments as required by its Final Judgment.

In his exhaustive, thoroughly researched, and well-written initial Report and Recommendation (DE #211), Judge Torres concluded that, as to the restitution award imposed by the Court's Final Judgment:

> The CEA [the Commodities Exchange Act] encompasses broad equitable restitutionary remedies, which remedies the Congress recognized would include all necessary equitable powers, and which would traditionally include the power of contempt. The CEA clearly did not exclude such a remedy from the operation of the statute, thus, a money judgment under the CEA that includes a restitutionary remedy may be enforced through the contempt power if necessary. And, because the FDCPA excludes from its umbrella any other federal law that gives rise to a contempt remedy, Escobio cannot defeat Plaintiff's right to seek a contempt remedy based on the FDCPA's general collection provisions.

Accordingly, Judge Torres concluded that the CFTC's Motion should be granted insofar as it seeks to invoke the Court's contempt powers to enforce the restitution award imposed on Escobio in the Final Judgment.

However, as to the civil monetary penalty imposed by the Court's Final Judgment, Judge Torres concluded that such penalties are legal in nature, and "[l]ike money damages, the enforcement of a civil monetary penalty by contempt would . . . run afoul of Eleventh Circuit precedent in *Combs* [*v. Ryan's Coal Co.*, 785 F.2d 970 (11 th Cir. 1986)] and [*U.S. v.*] *Bradley* [644 F.3d 1213 (11th Cir. 2011)]." Accordingly, Judge Torres concluded that the CFTC's Motion should be denied to the extent it seeks to invoke the Court's contempt powers to enforce the civil monetary penalty imposed on Escobio by the Court's Final Judgment.

Essentially re-arguing his position in briefing on the CFTC's Motion, Escobio filed objections to the initial Report and Recommendation (DE #213). Escobio then filed as supplemental authority the United States Supreme Court's recent opinions in *SEC v. Kokesh*, 137 S. Ct. 1635 (2017) and *California Pub. Employees' Ret. Sys. V. ANZ Sec. Inc.*, 137 S. Ct. 2042 (2017), both of which were decided after the initial R&R was entered. Escobio argued that the *Kokesh* decision rendered invalid Judge Torres' conclusion that the restitution award is equitable, hence subject to enforcement by contempt. And in *ANZ*, the Court invalidated a court-created equitable tolling rule for specific statute of limitations where that statute's explicit time-bar made clear there was no room for tolling of any kind. Escobio argued that the statutory scheme in the FDCPA contained no express exception allowing for use of contempt powers to enforce restitution awards.

In light of this supplemental authority, which was not available until after Judge Torres issued his initial R&R, the Court directed that Judge Torres consider the supplemental authority

3

and issue a supplemental R&R (DE #221). Judge Torres considered the supplemental authority, and in his Supplemental R&R (DE #223) concludes that Escobio's arguments thereon "lack any merit."

Escobio then filed his objections to the supplemental R&R (DE #224) again re-arguing his previously argued positions. Escobio also asked in the alternative that, should the Court enter an Order affirming and adopting the R&Rs, that the Court certify any such Order for immediate appeal under 28 U.S.C. § 1292(b) to be considered by the United States Circuit Court of Appeal for the Eleventh Circuit along with his currently pending appeal of the underlying judgment in this matter. The CFTC opposes such certification as premature and potentially unnecessary, because affirming and adopting the R&Rs is not a finding of contempt; rather, an evidentiary hearing will be required to make such a finding. If Escobio is found to be in contempt for his non-payment of the restitution award, that Order would be a final order and Escobio could take an appeal from that.

The Court has considered the Motions, Judge Torres' R&Rs, and the objections, responses and replies thereto, and concludes that the R&Rs contain a thorough and well-reasoned recommendation for granting in part, and denying in part the CFTC's Motion. Judge Torres carefully considered the record, exhaustively analyzed the law on the Court's authority to hold a defendant in contempt for failing to pay both an equitable restitution award and a legal civil monetary penalty, and properly concluded that contempt is available for the former, and is barred as a remedy for the latter. Moreover, the Court finds that certification for immediate appeal under 28 U.S.C. § 1292(b) is inappropriate in the present procedural posture of this case.

Accordingly, upon a careful review of the record and the Court being otherwise fully advised, it is **ORDERED, ADJUDGED, and DECREED** as follows:

1. Magistrate Judge Edwin G. Torres' May 15, 2017 Report and Recommendation (**DE #211**), as well as his July 6, 2017 Supplemental Report and Recommendation (**DE #223**) be, and the same are hereby, **AFFIRMED and ADOPTED.**

2. Escobio's Objections to the R&Rs are hereby **OVERRULED.**

3. The CFTC's Motion for Order to Show Cause Why Defendant Escobio Should Not Be Held in Contempt of Court (DE #195) is hereby **GRANTED** with respect the restitution aspect of the Court's Final Judgment (DE #167), entered August 29, 2016. By separate Order, the Court shall set an evidentiary hearing at which Defendant Escobio shall show cause why he should not be held in contempt for his failure to pay the restitution award as required by this Court's Final Judgment.

**DONE** and **ORDERED** in chambers at the James Lawrence King Federal Justice Building and United States Courthouse, Miami, Florida, this 1st day of September, 2017.

/s/ James Lawrence King
JAMES LAWRENCE KING
UNITED STATES DISTRICT JUDGE

cc: Magistrate Judge Edwin G. Torres
All counsel of record