UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.: 1:14-CV-22739-JLK

U.S. COMMODITY FUTURES TRADING
COMMISSION,

    Plaintiff,

v.

SOUTHERN TRUST METALS, INC.,
LORELEY OVERSEAS CORPORATION,
and ROBERT ESCOBIO,

    Defendants.
_____/

**FINAL JUDGMENT ON COUNT 4 OF PLAINTIFF'S
COMPLAINT IMPOSING EQUITABLE REMEDY OF DISGORGEMENT**

Final judgment is hereby **ENTERED** in favor of Plaintiff United States Commodity Futures Trading Commission ("CFTC") and against Defendants Southern Trust Metals, Inc. and Robert Escobio (collectively "Defendants") on Count 4 of the Complaint. (Judgment as to liability against these Defendants on Count 4 of the Complaint was previously entered by this Court on April 7, 2016 [D.E. 122].)

It is hereby **ORDERED AND ADJUDGED** as follows:

**I.   DISGORGEMENT**

1. Defendants Southern Trust Metals, Inc. and Robert Escobio ("Defendants") shall pay disgorgement in the amount of $360,337 in connection with the futures and options transactions that are the subject of Count 4 of the CFTC's Complaint.

Defendants are jointly and severally liable for disgorgement of this amount. The disgorgement amount described in this paragraph is referred to in the remainder of this Order as the "Disgorgement Obligation".

2. Defendants shall pay the Disgorgement Obligation, plus post-judgment interest, within ten days of the date of the entry of this Order. If the Disgorgement Obligation is not paid in full within ten days of the date of entry of this Order, then post-judgment interest shall accrue on the Disgorgement Obligation beginning on the date of entry of this Order and shall be determined by using the Treasury Bill rate prevailing on the date of entry of this Order pursuant to 28 U.S.C. § 1961 (2006).

3. To effect payment of the Disgorgement Obligation, the Court appoints the National Futures Association ("NFA") as Monitor ("Monitor").

4. The Monitor shall collect Disgorgement Obligation payments from Defendants and make distributions as set forth below. Because the Monitor is acting as an officer of this Court in performing these services, the NFA shall not be liable for any action or inaction arising from NFA's appointment as Monitor, other than actions involving fraud.

5. Defendants shall make Disgorgement Obligation payments under this Order to the Monitor in the name "Southern Trust Metals Disgorgement Fund" and shall send such Disgorgement Obligation payments by electronic funds transfer, or by U.S. postal money order, certified check, bank cashier's, or bank money order, to the Monitor at the Office of Administration, National Futures Association, 300 South Riverside Plaza, Suite 1800, Chicago, Illinois 60606 under cover letter that identifies the paying Defendants and

the name and docket number of this proceeding. The paying Defendants shall simultaneously transmit copies of the cover letter and the form of payment to the Chief Financial Officer, Commodity Futures Trading Commission, Three Lafayette Centre, 1155 21st Street, NW, Washington, D.C. 20581.

6. The Monitor shall oversee the Disgorgement Obligation and shall have the discretion to determine the manner of distribution of such funds in an equitable fashion to the Defendants' customers identified by the Commission or may defer distribution until such time as the Monitor deems appropriate. In the event that the amount of Disgorgement Obligation payments to the Monitor are of a *de minimis* nature such that the Monitor determines that the administrative cost of making a distribution to eligible customers is impractical, the Monitor may, in its discretion, treat such Disgorgement payments as civil monetary penalty payments, which the Monitor shall forward to the Commission following the instructions for civil monetary penalty payments set forth in this Court's Final Judgment (D.E. 167).

7. Defendants shall cooperate with the Monitor as appropriate to provide such information as the Monitor deems necessary and appropriate to identify the customers to whom the Monitor, in its sole discretion, may determine to include in any plan for distribution of any Disgorgement Obligation payments. Defendants shall execute any documents necessary to release funds that they have in any repository, bank, investment or other financial institution, wherever located, in order to make partial or total payment toward the Disgorgement Obligation.

8. Until discharged by the Court, the Monitor shall provide the Commission at the beginning of each calendar year with a report detailing the disbursement of funds to Defendants' customers during the previous year. The Monitor shall transmit this report under a cover letter that identifies the name and docket number of this proceeding to the Chief Financial Officer, Commodity Futures Trading Commission, Three Lafayette Centre, 1155 21st Street, NW, Washington, D.C. 20581.

9. The amounts payable to each customer shall not limit the ability of any customer to prove that a greater amount is owed by Defendants or any other person or entity, and nothing herein shall be construed in any way to limit or abridge the rights of any customer that exist under state or common law.

10. Pursuant to Rule 71 of the Federal Rules of Civil Procedure, each customer of Defendants who suffered a loss in connection with Defendants' futures and options transactions described in Count 4 of Plaintiff's Complaint is explicitly made an intended third-party beneficiary of this Order and may seek to enforce obedience of this Order to obtain satisfaction of any portion of the Disgorgement Obligation that has not been paid by Defendants to ensure continued compliance with any provision of this Order and to hold Defendants in contempt for any violations of any provision of this Order.

11. To the extent that any funds accrue to the U.S. Treasury for satisfaction of Defendants' Disgorgement Obligation, such funds shall be transferred to the Monitor for disbursement in accordance with the procedures set forth above.

## II. MISCELLANEOUS PROVISIONS

12. This order replaces the award of restitution for Defendants' illegal futures and options transactions subject to Count 4 of Plaintiff's Complaint with an award of disgorgement. All other aspects of this Court's Findings of Fact and Conclusions of Law (D.E. 166) and the Court's Final Judgment following trial (D.E. 167) remain in full force and effect.

13. Partial Satisfaction: Any acceptance by the Commission or the Monitor of any partial payment of Defendants' Disgorgement Obligation shall not be deemed a waiver of Defendants' obligations to make further payments pursuant to this Order, or a waiver of the Commission's right to seek to compel payment of any remaining balance.

14. Notice: All notices required to be given by any provision in this Order shall be sent email and by certified mail, return receipt requested, as follows:

Notice to Commission:

    Scott Williamson (SWilliamson@cftc.gov)
    Regional Director
    U.S. Commodity Futures Trading Commission
    525 W. Monroe, Suite 1100
    Chicago, Illinois 60661

Notice to Defendant Robert Escobio:

    Peter Homer (PHomer@homerbonner.com)
    Homer Bonner
    1200 Four Seasons Tower
    1441 Brickell Avenue
    Miami, FL 33131

Notice to Defendants Southern Trust Metals, Inc. and Loreley Overseas Corp.:

    Jose Ortiz (jortiz@herronortiz.com)

    Heron Ortiz
    255 Alhambra Circle, Suite 1060
    Coral Gables, FL 33134

Notice to the Monitor:

    Daniel Driscoll
    Executive Vice President, COO
    National Futures Association
    300 South Riverside Plaza, Suite 1800
    Chicago, Illinois 60606-3447

All such notices to the Commission shall reference the name and docket number of this action.

    15.    <u>Change of Address/Phone</u>: Until such time as Defendants satisfy in full their Disgorgement Obligation as set forth in this Order, Defendants shall provide written notice to the Commission of any change to their telephone numbers and mailing addresses within ten (10) calendar days of the change.

    16.    <u>Invalidation</u>: If any provision of this Order or if the application of any provision or circumstance is held invalid, then the remainder of this Order and the application of the provision to any other person or circumstance shall not be affected by the holding.

    17.    <u>Waiver</u>: The failure of any party to this Order or of any of Defendants' customers at any time to require performance of any provision of this Order shall in no manner affect the right of the party or customer at a later time to enforce the same or any other provision of this Order. No waiver in one or more instances of the breach of any provision contained in this Order shall be deemed to be or construed as a further or

continuing waiver of such breach or waiver of the breach of any other provision of this Order.

18. <u>Continuing Jurisdiction of this Court</u>: This Court shall retain jurisdiction of this action to ensure compliance with this Order and for all other purposes related to this action.

### III. CONCLUSION

There being no just reason for delay, the Clerk of the Court is hereby directed to enter this Final Judgment as set forth in this Order.

**DONE AND ORDERED** in Chambers at the James Lawrence King Federal Justice Building and United States Courthouse in Miami, Florida, this 30th day of May, 2019.

*James Lawrence King*
JAMES LAWRENCE KING
UNITED STATES DISTRICT JUDGE

**cc:** **All Counsel of Record**